## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## GREENVILLE DIVISION

IN RE:                                          CHAPTER 11

**Bennett Trucking & Logging, LLC,**            **CASE NO. 19-00488-5-DMW**

      Debtor.

---

IN RE:                                          CHAPTER 11

**Dennis Keith Bennett,**                       **CASE NO. 19-00489-5-DMW**

      Debtor.

---

## JOINT CHAPTER 11 PLAN OF BENNETT TRUCKING & LOGGING, LLC, AND DENNIS KEITH BENNETT

NOW COME Bennett Trucking & Logging, LLC, and Dennis Keith Bennett (collectively the "Debtors"), debtors-in-possession in related and jointly administered Chapter 11 case nos. 19-00488-5-DMW and 19-00489-5-DMW, and file the following joint Chapter 11 Plan pursuant to § 1121(a) of the Bankruptcy Code.

## ARTICLE 1
## DEFINITIONS

The following terms used in the Chapter 11 Plan shall, unless the context otherwise requires, have the meanings specified below:

1.1     Administrative Expense Claim:  a cost or expense of administration in the case allowable under § 503(b) of the Bankruptcy Code, including but not limited to any actual, necessary expense of preserving or liquidating the estate, any actual, necessary expense of operating the business of the Debtors, any actual, necessary expense of consummating the Plan and all allowances, costs and fees approved by the Bankruptcy Court in accordance with § 330 of the Bankruptcy Code.

1.2     Allowed Administrative Expense Claim: any existing or future Administrative Expense Claim either (i) for which a fee application has been filed and which has been allowed by a Final Order, or (ii) as to any other Administrative Expense Claim, an application was filed; and (a) no objection to the allowance thereof has been interposed within the applicable period of limitation fixed by this Plan, or (b) any timely objection thereto has been determined and all or some portion of the claim has been allowed by a Final Order.

1

1.3     Allowed Claim:  any claim (a) which shall have been listed by either Debtor in a known amount as undisputed, non-contingent, and liquidated on the Schedules filed with the Court and to which Debtors do not file an objection with the United States Bankruptcy Court, or which is ultimately allowed by the Bankruptcy Court over such an objection; (b) which shall have been properly filed as a Proof of Claim with the United States Bankruptcy Court on or prior to June 3, 2019 (or on or prior to August 5, 2019, for governmental claims), and to which Debtors do not file an objection with the United States Bankruptcy Court, or which is ultimately allowed by the Bankruptcy Court over such an objection; or (c) which arose out of the rejection of an executory contract or unexpired lease as provided for by the terms of this Plan, and which shall have been properly filed as a Proof of Claim with the United States Bankruptcy Court on or before the expiration of thirty (30) days after the Effective Date, and to which Debtors do not file an objection or which is ultimately allowed by the Bankruptcy Court over any such objection. Where there is a difference between the amounts scheduled as undisputed by the Debtors in their Schedules and the amount set forth in the Proof of Claim filed by an affected creditor, the amount shown in the Proof of Claim shall govern for purposes of allowance unless objected to by the Debtors, in which case, the Claim shall be the amount allowed by the Bankruptcy Court. Unless otherwise specified in the Plan, Allowed Claims shall not include interest on the principal amount of the claim from and after the Filing Date.

1.4     Allowed Unsecured Claim:  an Unsecured Claim that is or has become an Allowed Claim.

1.5     Allowed Priority Tax Claim:  a Priority Tax Claim, which is or has become an Allowed Claim.

1.6     Allowed Secured Claim:  a Secured Claim, which is or has become an Allowed Claim.

1.7     Ballot:  the form or forms which will be distributed to Creditors and the holders of Equity Interests together with a disclosure statement pursuant to § 1125 of the Bankruptcy Code in connection with the Debtors' solicitation of acceptance or rejections of this Plan.

1.8     Bankruptcy Code:  the Bankruptcy Reform Act of 1978, as amended, title 11 of the United States Code, in effect on the Filing Date.

1.9     Bankruptcy Court:  the United States Bankruptcy Court for the Eastern District of North Carolina, including the United States Bankruptcy Judge presiding in this case.

1.10    Bankruptcy Rules:  the Federal Rules of Bankruptcy Procedure, as amended, in effect on the Filing Date.

1.11    Business Day:  shall mean any day on which banks are open to carry on their ordinary commercial banking business in the State of North Carolina.

1.12    Chapter 11 Case:  the Chapter 11 Cases of Bennett Trucking & Logging, LLC, case no. 19-00488-5-DMW, and Dennis Keith Bennett, case no. 19-00489-5-DMW, both commenced under the provisions of Chapter 11 of the Bankruptcy Code on the Filing Date in the Bankruptcy Court.

1.13    Claim:  any right to payment, or any right to an equitable remedy for breach of performance if such breach gives rise to right to payment, whether or not such right to payment or right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

1.14    Class:  a class of Claims or Equity Interests as indicated in the Plan.

1.15    Confirmation Date:  the date upon which an order confirming this Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code, entered by the Bankruptcy Court, becomes a Final Order.

1.16    Creditor:  any Entity that is the holder of a Claim against either Debtor that arose on or before the Filing Date or a Claim against either Debtor's estate of the kind specified in §§ 502(g), 502(h), or 502(i) of the Bankruptcy Code.

1.17    Debtor(s):  Bennett Trucking & Logging, LLC, and Dennis Keith Bennett, the debtors in the Chapter 11 Case.

1.18.   Disclosure Statement:  the disclosure statement, as amended and supplemented, and approved by the Bankruptcy Court for use in connection with the solicitation of acceptances of this Plan.

1.19    Disputed Claim:  any Claim that is not an Administrative Expense Claim and either (i) is scheduled by a Debtor as disputed, contingent or unliquidated, or (ii) proof of which has been filed with the Bankruptcy Court and an objection to the allowance thereof, in whole or in part, has been or is interposed prior to the final date provided under this Plan for the filing of such objections (or thereafter pursuant to an order of the Bankruptcy Court) and which objection has not been settled or determined by a Final Order.

1.20    Disputed or Unresolved Administrative Expense Claim:  any existing or future Claim that is an Administrative Expense Claim and either : (i) (a) an application for payment was or will be filed on or before the date designated by this Plan, or pursuant to any order of the Bankruptcy Court, as the last date for filing the application for payment; and (b) as to which either (I) an objection to the allowance thereto has been interposed within the applicable period of limitation that has not yet been resolved by a Final Order, or (II) no Final Order has been issued if a Final Order is required by § 330 of the Bankruptcy Code; or (ii) an application for payment was filed after the last date designated for such filing as described above, whether or not an objection to the allowance thereof has been interposed.

1.21     Distributable Property:  the property distributable to Creditors under this Plan, after deduction for any expenses properly chargeable against the Distributable Property in accordance with this Plan.

1.22     Effective Date:  the date occurring fifteen (15) days after the Confirmation Date.

1.23     Entity:  an individual, a corporation, a partnership, an association, a joint stock company, a joint venture, an estate, a trust, or an incorporated organization.

1.24     Equity Interest:  any equity interest in the Debtors as of the Filing Date.

1.25     Filing Date: February 4, 2019, the date upon which the Debtors filed with the Bankruptcy Court their respective petitions for relief under title 11, commencing the Chapter 11 Case.

1.26     Final Order:  an order or judgment of the Bankruptcy Court that has not been reversed, stayed, modified or amended and as to which any prescribed time to appeal has expired and no petition for certiorari is pending, or as to which any right to appeal or petition for certiorari has been waived in writing in a manner satisfactory to the Debtors or, if an appeal or certiorari thereof has been sought, the order or judgment of the Bankruptcy Court has been affirmed by the highest court to which the order was appealed, or certiorari has been denied, and the prescribed time to take any further appeal or to seek certiorari or further re-argument or rehearing of any appeal has expired.

1.27     Insider: shall refer, separately and collectively, to any director, officer, or person in control of the Debtors, a partnership in which a Debtor is a general partner; a general partner of a Debtor or relative of a general partner, director, officer, or person in control of a Debtor, or any entity which is an insider as defined in 11 U.S.C. 101(31).

1.28     Plan:  this Chapter 11 Plan of Reorganization, either in its present form or as it may be altered, amended or modified from time to time.

1.29     Priority Tax Claim: any Claim, other than an Administrative Expense claim, which is entitled to priority in payment under § 507(a)(8) of the Bankruptcy Code.

1.30     Pro Rata: the ratio, as of the date of determination thereof, of the amount of the Allowed Claims held by any Creditor in the indicated Classes to the aggregate to the amount of Allowed Claims in the indicated Classes (including, in each such calculation, the full amount of Disputed Claims in the indicated Classes that have been asserted or are otherwise pending and that have not yet been allowed or otherwise disposed of).

1.31     Secured Claim:  the portion of any Claim against either Debtor determined in accordance with section 506(a) of the Bankruptcy Code, as of the Confirmation Date, secured by a valid, perfected and unavoidable lien.

1.32    Secured Rate:  Simple interest at the rate of 6.5%, or such interest rate as the Bankruptcy Court finds is necessary for confirmation of this Plan.

1.33    Unclaimed Property: any funds which are unclaimed on the 120th day following the date on which such Unclaimed Property was mailed or otherwise sent to the holder of an Allowed Claim or allowed Administrative Expense Claim pursuant to this Plan, and shall include (i) checks (and the funds represented thereby) that have been returned as undeliverable without a proper forwarding address, (ii) funds for checks which have not been presented for payment and paid, and  (iii) checks (and the funds represented thereby) that were not mailed or delivered because of the absence of a proper address to which to mail or deliver such property.

1.34    Unsecured Claim:  any Claim other than an Administrative Expense Claim, a Priority Tax Claim, a Secured Claim, or an Equity Interest.

1.35    Unsecured Creditor:  any Creditor that holds an Unsecured Claim.

1.36    Unsecured Rate: the Federal Judgment Rate on the Effective Date or such rate necessary to confirm the Plan.


ARTICLE 2
CONSTRUCTION

2.1    Applicability of the Bankruptcy Code and Bankruptcy Rules: Where not inconsistent or in conflict with the provisions of the Plan, the words and phrases used herein shall have the meanings ascribed thereto in the Bankruptcy Code and in the Bankruptcy Rules.


ARTICLE 3
MEANS FOR IMPLEMENTING PLAN

3.1    Means for Implementing the Plan.  Bennett Trucking & Logging, LLC ("Bennett Trucking"), is a North Carolina LLC which operates a logging and lumber hauling business primarily in Eastern North Carolina. Dennis Keith Bennett is a principal of Bennett Trucking, and the owner of most of the equipment used by Bennett Trucking in its business operations. Bennett Trucking shall fund the Plan by continuing to operate profitably. Dennis Keith Bennett shall facilitate the operations of Bennett Trucking by continuing to provide the business equipment and real property on which to store the equipment to Bennett Trucking, and further by continuing to act as operational manager. The Debtors also intend, where appropriate and in the sole discretion of the Debtors, to pursue avoidance actions under Chapter 5 of the Bankruptcy Code.

3.2    Closing Case.  After substantial consummation of the Debtors' Chapter 11 Plan, the Chapter 11 Case will be closed.

3.3    Interest, Penalties, Fees.  There shall be no pre-payment penalties in the event that Debtors are able to make Plan payments ahead of any scheduled dates or time frames as set forth in the Plan. Except as expressly stated in the Plan, or allowed by a Final Order of the Bankruptcy Court, no interest, penalty, or late charge shall be allowed on any claim subsequent to the Petition Date, unless otherwise required by the Code.  No attorneys' fees or expenses shall be paid with respect to any claim except as specified herein or as allowed by a Final Order of the Court.

ARTICLE 4
CLASSIFICATION OF
CLAIMS AND EQUITY INTERESTS

4.1    Classification of Claims and Interests.  Claims and Equity Interests shall be classified as follows:

| Class 1 | Allowed Administrative Expense Claims |
|---|---|
| Class 2 | Allowed Secured and Priority Tax Claims |
| Class 3 | Allowed Secured Claims of John Deere Financial |
| Class 4 | Allowed Secured Claims of First Midwest Equipment Finance |
| Class 5 | Allowed Secured Claims of Financial Pacific Leasing, Inc. |
| Class 6 | Allowed Secured Claims of TCF Equipment Finance |
| Class 7 | Allowed Secured Claims of Stearns Bank National Association |
| Class 8 | Allowed Secured Claims of TD Auto Finance, LLC |
| Class 9 | Allowed Secured Claims of JPMorgan Chase Bank, N.A. |
| Class 10 | Allowed Secured Claims of Ally Bank |
| Class 11 | Allowed Secured Claims of US Bank |
| Class 12 | Allowed Secured Claims of Lilley Idealease, Inc. |
| Class 13 | Allowed Secured Claims of Sumitomo Mitsui Finance & Leasing |
| Class 14 | Allowed Secured Claims of People's Bank |
| Class 15 | Allowed Secured Claims of Twenty-One-Eighty Five, LLC |
| Class 16 | Allowed Secured Claims of Harley Davidson Finance |
| Class 17 | Allowed Secured Claims of Eastern Bank |
| Class 18 | Allowed Secured Claims of Stifel Bank |
| Class 19 | Allowed Secured Claims of Kabbage |
| Class 20 | Allowed Secured Claims of Pearl Delta Funding, LLC |
| Class 21 | Allowed Secured Claims of Forward Financing, LLC |
| Class 22 | Allowed Secured Claims of Branch Banking & Trust Company |
| Class 23 | Allowed Small Unsecured Claims (Under $1,000.00) |
| Class 24 | Allowed General Unsecured Claims |
| Class 25 | Allowed Equity Interests |

ARTICLE 5
PROVISIONS FOR TREATMENT
OF ALLOWED ADMINISTRATIVE EXPENSE CLAIMS
(Class 1 Claims)

5.1    Description of Class.  Class 1 is composed of Allowed Administrative Expense Claims.  An Allowed Administrative Expense Claim shall be one that is: (i) an Allowed Administrative Expense Claim as of the Effective Date, or (ii) an Administration Claim that is disputed on the Effective Date which has been allowed by entry of a Final Order approving such Allowed Administrative Expense Claim.

5.2    Treatment.  Subject to the terms and conditions of this Article V, (i) each Administrative Expense Claim that is an Allowed Administrative Expense Claim on the Effective Date shall be satisfied in full on the Effective Date, or as otherwise may be agreed by the holder of such Allowed Administrative Expense Claim; and (ii) each Administrative Expense Claim that is disputed on the Effective Date shall be satisfied within ten (10) Business Days after entry of a Final Order approving such Claim as an Allowed Administrative Expense Claim, or as otherwise may be agreed by the holder of an Allowed Administrative Expense Claim.

5.3    Allowance of Claims.  Creditors shall file an application for payment for any Administrative Expense Claim on or before the Effective Date.  Failure to file a timely application for payment shall bar any person or Entity for asserting such Claim against the Debtors, except any professional rendering services to the Debtors and required to file an application for compensation pursuant to 11 U.S.C. § 328.  The Debtors shall file any objection to an application for payment within thirty (30) days after the Effective Date.  Failure to make a timely objection as to a timely filed application for payment of an Administrative Expense Claim shall result in the amount set forth in such timely filed application for payment being an Allowed Administrative Expense Claim.

5.4    Impairment Status. Class 1 is unimpaired under the Plan.

ARTICLE 6
ALLOWED SECURED AND PRIORITY TAX CLAIMS
(Class 2 Claims)

6.1    Description of Class.  Class 2 Claims are comprised of Allowed Secured Tax Claims and Allowed Priority Tax Claims.

6.2    Treatment.  Class 2 Claims shall be paid in full with interest at the taxing authority's statutory rate in equal quarterly payments, so that the last payment shall be due within five years of the Filing Date. The first such payment shall be due on the first day of the month following the Effective Date.

6.3    Impairment Status. Class 2 is impaired.

## ARTICLE 7
## ALLOWED SECURED CLAIMS OF JOHN DEERE FINANCIAL
### (Class 3 Claims)

7.1     Description of Class.  Class 3 Claims are comprised of Allowed Secured Claims of John Deere Financial.

7.2     Treatment.  Class 3 Claims shall retain all liens. The Allowed Secured Claims of Class 3 shall be amortized and paid over sixty (60) months with interest thereon at the Secured Rate.  The First Payment to Class 3 shall be made on the first day of the first month following the Effective Date.

7.3     Impairment Status. Class 3 is impaired.

## ARTICLE 8
## ALLOWED SECURED CLAIMS OF FIRST MIDWEST EQUIPMENT FINANCE
### (Class 4 Claims)

8.1     Description of Class.  Class 4 Claims are comprised of Allowed Secured Claims of First Midwest Equipment Finance.

8.2     Treatment.  Class 4 shall have an Allowed Secured Claim of $40,000. Class 4 shall retain all liens to secure this amount. The Allowed Secured Claims of Class 4 shall be amortized and paid over sixty (60) months with interest thereon at the Secured Rate.  The First Payment to Class 4 shall be made on the first day of the first month following the Effective Date.

8.3     Impairment Status. Class 4 is impaired.

## ARTICLE 9
## ALLOWED SECURED CLAIMS OF FINANCIAL PACIFIC LEASING, INC.
### (Class 5 Claims)

9.1     Description of Class.  Class 3 Claims are comprised of Allowed Secured Claims of Financial Pacific Leasing, Inc.

9.2     Treatment.  Class 5 Claims shall retain all liens. The Allowed Secured Claims of Class 5 shall be amortized and paid over sixty (60) months with interest thereon at the Secured Rate.  The First Payment to Class 5 shall be made on the first day of the first month following the Effective Date.

9.3     Impairment Status. Class 5 is impaired.

## ARTICLE 10
## ALLOWED SECURED CLAIMS OF TCF EQUIPMENT FINANCE
### (Class 6 Claims)

10.1    Description of Class.  Class 6 Claims are comprised of Allowed Secured Claims of TCF Equipment Finance.

10.2    Treatment.  Class 6 Claims shall retain all liens. The Allowed Secured Claims of Class 3 shall be amortized and paid over sixty (60) months with interest thereon at the Secured Rate.  The First Payment to Class 6 shall be made on the first day of the first month following the Effective Date.

10.3    Impairment Status. Class 6 is impaired.

## ARTICLE 11
## ALLOWED SECURED CLAIMS OF STEARNS BANK NATIONAL ASSOCIATION
### (Class 7 Claims)

11.1    Description of Class.  Class 7 Claims are comprised of Allowed Secured Claims of Stearns Bank National Association.

11.2    Treatment.  Class 7 Claims shall retain all liens. The Allowed Secured Claims of Class 3 shall be amortized and paid over sixty (60) months with interest thereon at the Secured Rate.  The First Payment to Class 7 shall be made on the first day of the first month following the Effective Date.

11.3    Impairment Status. Class 7 is impaired.

## ARTICLE 12
## ALLOWED SECURED CLAIMS OF TD AUTO FINANCE, LLC
### (Class 8 Claims)

12.1    Description of Class.  Class 8 Claims are comprised of Allowed Secured Claims of TD Auto Finance, LLC.

12.2    Treatment.  Class 8 Claims shall retain all liens. The Allowed Secured Claims of Class 3 shall be amortized and paid over sixty (60) months with interest thereon at the Secured Rate.  The First Payment to Class 8 shall be made on the first day of the first month following the Effective Date.

12.3    Impairment Status. Class 8 is impaired.

## ARTICLE 13
## ALLOWED SECURED CLAIMS OF JPMORGAN CHASE BANK, N.A.
### (Class 9 Claims)

13.1    Description of Class.  Class 9 Claims are comprised of Allowed Secured Claims of JPMorgan Chase Bank, N.A.

13.2    Treatment.  Class 9 Claims shall retain all liens. The Allowed Secured Claims of Class 6 shall be amortized and paid over sixty (60) months with interest thereon at the Secured Rate.  The First Payment to Class 9 shall be made on the first day of the first month following the Effective Date.

13.3    Impairment Status. Class 9 is impaired.

## ARTICLE 14
## ALLOWED SECURED CLAIMS OF ALLY BANK
### (Class 10 Claims)

14.1    Description of Class.  Class 10 Claims are comprised of Allowed Secured Claims of Ally Bank.

14.2    Treatment.  Class 10 shall have an Allowed Secured Claim of $26,000. Class 10 shall retain all liens to secure this amount. The Allowed Secured Claims of Class 10 shall be amortized and paid over sixty (60) months with interest thereon at the Secured Rate.  The First Payment to Class 10 shall be made on the first day of the first month following the Effective Date.

14.3    Impairment Status. Class 10 is impaired.

## ARTICLE 15
## ALLOWED SECURED CLAIMS OF US BANK
### (Class 11 Claims)

15.1    Description of Class.  Class 11 Claims are comprised of Allowed Secured Claims of US Bank.

15.2    Treatment.  Class 11 Claims shall retain all liens. The Allowed Secured Claims of Class 11 shall be amortized and paid over sixty (60) months with interest thereon at the Secured Rate.  The First Payment to Class 11 shall be made on the first day of the first month following the Effective Date.

15.3    Impairment Status. Class 11 is impaired.

## ARTICLE 16
## ALLOWED SECURED CLAIMS OF LILLEY IDEALEASE, INC.
### (Class 12 Claims)

16.1     Description of Class.  Class 12 Claims are comprised of Allowed Secured Claims of Lilley Idealease, Inc.

16.2     Treatment.  Class 12 Claims shall retain all liens. The Allowed Secured Claims of Class 12 shall be amortized and paid over sixty (60) months with interest thereon at the Secured Rate.  The First Payment to Class 12 shall be made on the first day of the first month following the Effective Date.

16.3     Impairment Status. Class 12 is impaired.

## ARTICLE 17
## ALLOWED SECURED CLAIMS OF SUMITOMO MITSUI FINANCE & LEASING
### (Class 13 Claims)

17.1     Description of Class.  Class 13 Claims are comprised of Allowed Secured Claims of Sumitomo Mitsui Finance & Leasing.

17.2     Treatment.  Class 13 shall have an Allowed Secured Claim of $100,000. Class 13 shall retain all liens to secure this amount. The Allowed Secured Claims of Class 13 shall be amortized and paid over sixty (60) months with interest thereon at the Secured Rate.  The First Payment to Class 13 shall be made on the first day of the first month following the Effective Date.

17.3     Impairment Status. Class 13 is impaired.

## ARTICLE 18
## ALLOWED SECURED CLAIMS OF PEOPLE'S BANK
### (Class 14 Claims)

18.1     Description of Class.  Class 14 Claims are comprised of Allowed Secured Claims of People's Bank.

18.2     Treatment.  Class 14 Claims shall retain all liens. The Allowed Secured Claims of Class 14 shall be amortized and paid over sixty (60) months with interest thereon at the Secured Rate.  The First Payment to Class 14 shall be made on the first day of the first month following the Effective Date.

18.3     Impairment Status. Class 14 is impaired.

ARTICLE 19
ALLOWED SECURED CLAIMS OF TWENTY-ONE-EIGHTY FIVE, LLC
(Class 15 Claims)

19.1    Description of Class.  Class 15 Claims are comprised of Allowed Secured Claims of Twenty-One-Eighty Five, LLC.

19.2    Treatment.  Class 15 Claims shall retain all liens. The Allowed Secured Claims of Class 15 shall be amortized and paid over sixty (60) months with interest thereon at the Secured Rate.  The First Payment to Class 15 shall be made on the first day of the first month following the Effective Date.

19.3    Impairment Status. Class 15 is impaired.


ARTICLE 20
ALLOWED SECURED CLAIMS OF HARLEY DAVIDSON FINANCE
(Class 16 Claims)

20.1    Description of Class.  Class 16 Claims are comprised of Allowed Secured Claims of Harley Davidson Finance.

20.2    Treatment. Class 16 shall have an Allowed Secured Claim of $20,000. Class 16 shall retain all liens to secure this amount. The Allowed Secured Claims of Class 16 shall be amortized and paid over sixty (60) months with interest thereon at the Secured Rate.  The First Payment to Class 16 shall be made on the first day of the first month following the Effective Date.

20.3    Impairment Status. Class 16 is impaired.


ARTICLE 21
ALLOWED SECURED CLAIMS OF EASTERN BANK
(Class 17 Claims)

21.1    Description of Class.  Class 17 Claims are comprised of Allowed Secured Claims of Eastern Bank.

21.2    Treatment.  Class 17 Claims shall retain all liens. The Allowed Secured Claims of Class 17 shall be amortized and paid over sixty (60) months with interest thereon at the Secured Rate.  The First Payment to Class 17 shall be made on the first day of the first month following the Effective Date.

21.3    Impairment Status. Class 17 is impaired.

## ARTICLE 22
## ALLOWED SECURED CLAIMS OF STIFEL BANK
### (Class 18 Claims)

22.1    Description of Class.  Class 18 Claims are comprised of Allowed Secured Claims of Stifel Bank.

22.2    Treatment.  Class 18 Claims shall retain all liens. This Plan does not provide for payments to be made by the Debtors on Class 18 Claims. Payments on any debts constituting Class 18 Claims will be made by the co-owner of the collateral, Teresa Bennett.

22.3    Impairment Status. Class 18 is impaired.

## ARTICLE 23
## ALLOWED SECURED CLAIMS OF KABBAGE
### (Class 19 Claims)

23.1    Description of Class.  Class 19 Claims are comprised of Allowed Secured Claims of Kabbage.

23.2    Treatment.  Class 19 shall have no Allowed Secured Claim. Any debt owed to Kabbage by the Debtors will be treated as unsecured and paid as a Class 24 Claim.

23.3    Impairment Status. Class 19 is impaired.

## ARTICLE 24
## ALLOWED SECURED CLAIMS OF PEARL DELTA FUNDING, LLC
### (Class 20 Claims)

24.1    Description of Class.  Class 20 Claims are comprised of Allowed Secured Claims of Pearl Delta Funding, LLC.

24.2    Treatment.  The Allowed Secured Claims of Class 20 shall be amortized and paid over sixty (60) months with interest thereon at the Secured Rate.  The First Payment to Class 20 shall be made on the first day of the first month following the Effective Date.

24.3    Impairment Status. Class 20 is impaired.

## ARTICLE 25
## ALLOWED SECURED CLAIMS OF FORWARD FINANCING, LLC
### (Class 21 Claims)

25.1    Description of Class.  Class 21 Claims are comprised of Allowed Secured Claims of Forward Financing, LLC.

25.2    Treatment.  Class 21 shall have no Allowed Secured Claim. Any debt owed to Forward Financing, LLC, by the Debtors will be treated as unsecured and paid as a Class 24 Claim.

25.3    Impairment Status. Class 21 is impaired.

## ARTICLE 26
## ALLOWED SECURED CLAIMS OF BRANCH BANKING & TRUST COMPANY
### (Class 22 Claims)

26.1    Description of Class.  Class 22 Claims are comprised of Allowed Secured Claims of Branch Banking & Trust Company.

26.2    Treatment.  Class 22 Claims shall retain all liens. The Allowed Secured Claims of Class 22 shall be paid according to the loan documents by and between Branch Banking & Trust Company, Debtors, and Teresa Bennett.

26.3    Impairment Status. Class 22 is impaired.

## ARTICLE 27
## TREATEMENT OF ALLOWED SMALL UNSECURED CLAIMS
### (Class 23 Claims)

27.1    Description of Class. Class 23 is comprised of Allowed Unsecured Claims of Less than $1,000.00.

27.2    Treatment of Claims. The Allowed Claims of Class 23 shall be paid in full in two payments.  The first payment shall be made 3 months after the Effective Date. The last payment shall be made 9 months after the Effective Date.

27.3    Impairment Status. Class 23 is impaired under the Plan.

## ARTICLE 28
## TREATEMENT OF ALLOWED GENERAL UNSECURED CLAIMS
### (Class 24 Claims)

28.1    Description of Class. Class 24 is comprised of all Allowed Claims not treated elsewhere in the Plan.

28.2    Treatment of Claims. Class 24 shall receive monthly payments of $5,000 which will be paid pro rata to class members based on the amount of each class member's Allowed Claim. Debtor will continue to make monthly payments under this paragraph until the Class 24 Claims are paid in full, with the first payment to be made three months after the Effective Date.

28.3    Impairment Status. Class 24 is impaired under the Plan.

## ARTICLE 29
## TREATMENT OF EQUITY INTERESTS
## (Class 25 Claims)

29.1    Description of Class. Equity holders shall retain their Equity Interests.


## ARTICLE 30
## PROVISION FOR TREATMENT OF ALLOWED CLAIMS UNDER
## UNEXPIRED LEASES AND EXECUTORY CONTRACTS

30.1    Unexpired Leases and Executory Contracts. The confirmation of the Plan shall act as an acceptance of all unexpired real property leases listed in the Debtors' Schedule G, other than those rejected prior to confirmation of the Plan. All parties shall have thirty (30) days from the Effective Date to file proof of claims for rejection damages. Cure payments will be made on the Effective Date.


## ARTICLE 31
## CAUSES OF ACTION

31.1    Except as expressly provided otherwise in this Plan, the Debtors preserve and intends to pursue causes of action arising under §§ 544, 545, 547, 548, 549, 550, or 553(b) of the Bankruptcy Code, or under any similar provisions of applicable state law to recover any preferences or fraudulent conveyances from any person. Funds recovered as a result of such actions shall be applied first in reimbursement of attorney's fees and other costs of such actions, and then the remainder shall be the property of the Debtors.


## ARTICLE 32
## CONFIRMATION AS WAIVER AND RELEASE

32.1    Waiver against and Release of Debtors. Confirmation shall constitute waiver and release of the right to pursue litigation and causes of action against the Debtors, which release is supported by the requirements of this Plan and covenants contained herein. Notwithstanding Section 362(c) of the Bankruptcy Code, the stay provided by section 362(a) shall remain in effect as to each Debtor until the discharge is entered for that Debtor, even if the case is closed.

32.2    Injunction. As of the Effective Date, except as otherwise provided in the Plan or the Confirmation Order, all persons that have held, currently hold, or may hold a claim, equity interest, or other debt or liability that is treated pursuant to the terms of the Plan or that is otherwise enjoined pursuant to Section 1141 of the Code, are enjoined from taking any of the following actions on account of any such claims, equity interests, debtors or liabilities, other than actions brought to enforce obligations under the Plan: (i) commencing or continuing in any manner any action or other proceeding; (ii) enforcing, attaching, collecting, or recovering in any

manner any judgment, award, decree or order; (iii) creating, perfecting, or enforcing any lien or encumbrance; (iv) asserting a setoff or right of recoupment of any kind against any debt, liability, or obligation; and/or (v) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan or the Confirmation order. Notwithstanding the foregoing, the Plan does not release or waive any claims that the Debtor may have against any party in interest. This injunction shall not affect any creditor's ability to enforce rights against non-Debtors and non-Debtor property.

**32.3    IN ACCORDANCE WITH 11 U.S.C. § 1141(D)(5), DEBTOR DENNIS KEITH BENNETT'S DISCHARGE SHALL BE ENTERED UPON COMPLETION OF PLAN PAYMENTS TO CLASS 24 OR SOONER IF ORDERED BY THE BANKRUPTCY COURT.**

## ARTICLE 33
## POST-CONFIRMATION OPERATIONS

33.1    Post-Confirmation Operations. Bennett Trucking shall be managed and operated in accordance with the terms of this Plan, the organizational documents, and North Carolina law. Dennis Keith Bennett shall continue to act as operational manager of Bennett Trucking.

33.2    Management of Bennett Trucking. Management of the Bennett Trucking shall be vested as provided in the organizational documents. The members and managers in place at the time of Plan confirmation in this case shall remain in place. The Debtors shall administer the terms of the confirmed Plan in all respects.

33.3    Professional Compensation. Professional fees and expenses will be paid on the Effective Date or as soon thereafter as they are approved by the Bankruptcy Court. Fees and expenses occurring following confirmation will be paid without prior Bankruptcy Court approval.

## ARTICLE 34
## EXECUTION OF THE PLAN

34.1    Payments. The Debtors will make payments of the Allowed Claims as provided in this Plan.

34.2    Events of Default. The occurrence of any of the following shall constitute an Event of Default of this Plan.

(i)    Failure to make payment as such payment comes due under the Plan.

34.3    Remedies Upon Default. Upon the occurrence of any Event of Default which not excused, postponed, modified, or waived, and after giving notice to the Debtors and an opportunity to cure within 15 days, holders of claims and parties in interest may exercise all rights and remedies available under the Plan, the Code and state law.

34.4    Revesting of Property of the Debtors. All of the assets of the Debtors will be retained by the Debtors and on the day an entry of an order confirming the Plan, the Debtors will hold all right, title and interest of the property of the Debtors, including but not limited to: present and future accounts, receivables, chattel paper, deposit accounts, personal property, assets and fixtures, general intangibles, instruments, equipment, inventory, and all proceeds of the above-name assets.

34.5    Unclaimed Property.  If any distribution remains unclaimed for a period of ninety (90) days after it has been delivered, or attempted to be delivered, such unclaimed property shall be forfeited by such holder of the claim and the Disbursing Agent shall not attempt to make any further distribution of such holder of the claim. Undistributed property shall be returned to the Debtors for distribution in accordance with the Plan.  If a distribution check is not negotiated by the creditor within 90 days of the date of the check, or the distribution check is not deliverable to the creditor by way of First Class U.S. Mail, addressed to the address listed in the Creditor's Proof of Claim or on the Petition, the Debtors will be entitled to void said check and retain said funds to be used in the Debtors' discretion. Any Creditor whose funds are once not negotiated or are returned as described above shall not be part of any subsequent distribution.

## ARTICLE 35
## MODIFICATION OF THE PLAN

35.1    Modification Prior to the Confirmation.  Modification of the Plan may be proposed in writing by the Debtors at any time before the Confirmation Date, provided that such Plan, as modified, meets the requirements of §§1122 and 1123 of the Code, and that the Debtors have complied with §1125 of the Code.

35.2    Modification After Confirmation. This Plan may be modified at any time after the Confirmation Date and before its substantial consummation, provided that such Plan, as modified, meets the requirements of §§1122 and 1123 of the Code, and that the Court, after notice and a hearing confirms such Plan as modified.

35.3    Deemed Acceptance or Rejection of Modification.  A holder of a claim or interest that has accepted or rejected the Plan, as the case may be, is deemed to have accepted the Plan as modified unless such holder files a notice to the contrary within the time period for such notice affixed by the Court.

35.4    Defects or Omissions.  After confirmation, the proponents of the Plan may, with approval of the Court, remedy any defect or omission or reconcile any inconsistencies in the Plan, Disclosure Statement or the Confirmation Order in such manner as may be necessary to carry out the purposes and effect of the Plan, Disclosure Statement or Confirmation Order, so long as the such remedy does not materially or adversely affect the interests of creditors and other parties in interest.

## ARTICLE 36
## OTHER PROVISIONS

36.1    Extension of Payment Dates.  If any payment under the Plan falls due on a Saturday, Sunday, or other day which is not a Business Day, then such due date shall be extended to the next following Business Day.

36.2    Notices.  Any notice to the Debtors under any obligations created or governed by this Plan must be in writing and sent by registered or certified mail, postage pre-paid, and addressed as follows (and to such other address as the Debtors may notify the creditor in writing):

> Bennett Trucking & Logging, LLC
> 1412 Washington Street
> Roanoke Rapids, NC 27870
>
> Dennis Keith Bennett
> 1412 Washington Street
> Roanoke Rapids, NC 27870

With Copies to:

> William P. Janvier, Esq.
> Janvier Law Firm, PLLC
> 311 E. Edenton St.
> Raleigh, NC 27601

Notices must also be e-mailed to bill@janvierlaw.com.

36.3    Reduction of Notice Periods. The notice period applicable to service of any notices on the creditors otherwise applicable, pursuant to the provisions of the Code or this Plan, including any notice of hearing on application or allowance of compensation of professional persons pursuant to Section 330 of the Code, is reduced to a fifteen (15) day period, inclusive of the three days for mailing pursuant to Rule 9006(f) of the Bankruptcy Rules with the exception of any applicable notice period relating to modification of the Plan prior to or after confirmation pursuant to Sections 1122 and 1123 of the Code. If no objections are filed in writing with the Court within said fifteen (15) day notice period, any said motion may be allowed by the Court without the necessity of further notice or hearing.

36.4    Exemption from Transfer Taxes. Pursuant to section 1146(a) of the Bankruptcy Code, the issuance, transfer or exchange of notes or equity securities under the Plan, the creation of any mortgage, or other security interest, the making or assignment of any lease or sublease, or the making or delivery of any instrument of transfer under, in furtherance of, or in connection with the Plan, including, without limitation, deeds, or bills of sale or assignments of personal

property executed in connection with any of the transactions contemplated under the Plan, will not be subject to any stamp, real estate transfer, mortgage recording, sales, use or other similar tax. All sale transactions consummated by the Debtors and approved by the Bankruptcy Court on and after the Petition Date through and including the Effective Date, including, without limitation, the sale by the Debtors of owned property pursuant to section 363(b) of the Bankruptcy Code and the assumption, assignment and sale by the Debtors of unexpired leases of non-residential real property pursuant to section 365(a) of the Bankruptcy Code, will be deemed to have been made under, in furtherance of, or in connection with the Plan and, thus, will not be subject to any stamp, real estate transfer, mortgage recording or other similar tax. In addition, each of the relevant state or local governmental officials or agents will forego the collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment consistent with the applicable provisions of this Plan.

36.5    Procedure for Payment of Professional Fees and Expense Reimbursement. Current counsel for the Debtors and Reorganized Debtors, and the current Court approved accountants for the Debtors and Reorganized Debtors shall not be subject to the fee application process for services rendered post-confirmation in furtherance or implementation of the confirmed Plan.

36.6    No Representations or Warranties Concerning Tax Attributes/Consequences. Neither Debtors nor the Reorganized Debtors make any representations or warranties to any creditor of the Debtors concerning the tax consequence of confirmation of this Plan of Reorganization, the effect of this Chapter 11 case, or as to the status of tax attributes of the Debtors or Reorganized Debtors.

36.7    Members and Managers of Reorganized Debtors. On the Effective Date, existing Members and Managers shall succeed as officers and directors of the Reorganized Debtors.

36.8    Transfer of Claims. Claims may be transferred and will be honored only in accordance with Bankruptcy Rule 3001.

36.9    <u>Sale Free and Clear of Liens</u>.  Any real and personal property owned by the Debtors that will be sold pursuant to this Plan will be sold free and clear of all liens, encumbrances, claims, interests, or other obligations.  In order to expedite the sale process, provide clear title to the properties sold, and satisfy certain anticipated requirements of title insurance companies providing title insurance to purchasers, simultaneous with the entry of the Order Confirming Plan, the Court will enter a free and clear order, which shall provide that all sales will be free and clear of all liens, interests, and other claims or interests.  All real or personal property sold by the Debtors shall be sold pursuant to the free and clear order to be entered.  No further motions related to the sales of property shall be required; provided however, the Debtors may file such motions and seek such orders to the extent needed to provide reasonable comfort or accommodation to the purchaser(s) or to specify the method of distribution of the sales proceeds.

36.10   Upon the sale of any real or personal property proposed to be sold by this Plan, the liens secured by such property shall attach to the net proceeds of sale remaining after payment of costs of sale and all reasonable and ordinary closing costs, (including but not limited to ad valorem taxes, commissions, and any other costs permitted under Section 506(c) of the Code), and shall be paid to lienholders in accordance with the priorities of such liens, and then to other creditors in accordance with the priorities of the Code.  In the event the net proceeds of sale are insufficient to satisfy all claims within a class, such proceeds to be distributed to such class will be distributed pro rata.  The Debtors may elect to file additional motions with the Court setting forth the proposed distribution of any excess sales proceeds prior to distribution to creditors.

36.11   <u>Claims Paid by Third Parties</u>.  To the extent a claim holder receives payment in full or in part on account of such claim from a party that is not the Debtors, such creditor shall, within two (2) weeks therefore, inform the Debtors of such payment, and such creditor's claim shall be reduced accordingly for purposes of distribution under the Plan.


ARTICLE 37
RETENTION OF JURISDICTION

37.1   The Bankruptcy Court shall, after Confirmation, retain jurisdiction of this case to hear and determine the allowance of claims and all claims against the Debtors pursuant to Section 502 of the Code; to determine the allowance of timely filed claims resulting from the rejection of executory contracts; to determine any issues in pending adversary proceedings, and in adversary proceedings commenced post-confirmation, including, but not limited to, avoidance or turnover actions; to determine any dispute as to the classification or allowance of claims; to fix and determine all pre-confirmation professional fees and other costs of administration; to require the performance of any act contemplated by the provisions of this Plan necessary for the consummation of the Plan; to resolve all the matters as may be set forth in the Order of Confirmation. In the event an appeal is perfected from the Order confirming the Plan, the Bankruptcy Court shall also retain jurisdiction to enter such Orders regarding the disbursement of funds under the Plan or the consummation thereof as may be necessary to protect the interest of the Debtors, their creditors and parties in interest.

ARTICLE 38
DISCLOSURE STATEMENT

The attention of holders of claims and interests is directed to the Disclosure Statement.


ARTICLE 39
CONFIRMATION FOR IMPAIRED CLASS NOT ACCEPTING THE PLAN

With respect to any impaired class of creditors not accepting the Plan by the requisite majority in number and two-thirds (2/3) in amount, the proponent of this Plan requests the Court

to find that the Plan does not discriminate unfairly and is fair and equitable with respect to each class of claims or interests that is impaired under the Plan and that the Court should confirm the Plan without such acceptances by said impaired class or classes.

Respectfully submitted this the __19__ th day of July, 2019.

Bennett Trucking & Logging, LLC

By: Dennis Keith Bennett, Member

Dennis Keith Bennett, individually

JANVIER LAW FIRM, PLLC

s/ William P. Janvier
William P. Janvier
N.C.S.B. No. 21136
311 E. Edenton Street
Raleigh, NC 27601
Telephone: (919) 582-2323

21